**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MD J ISLAM,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  16-72939

Agency No. A206-915-545

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2019**
Seattle, Washington

Before:  GOULD and NGUYEN, Circuit Judges, and R. COLLINS,*** District Judge.

Md. Johirul Islam, a native and citizen of Bangladesh, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

Immigration Judge's ("IJ") denial of asylum and withholding of removal.[1]  Islam testified that he fears persecution from the Awami League for his involvement with the Bangladesh National Party.  Islam also argues that the IJ violated his due process rights by failing to give him adequate notice of his right to obtain counsel and an opportunity to do so.  We have jurisdiction under 8 U.S.C. § 1252, and we deny Islam's petition for review.

1.  Substantial evidence supported the IJ's adverse credibility finding.  *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) ("We review an adverse credibility finding for substantial evidence.").  The IJ and BIA identified at least five inconsistencies between Islam's in-court testimony, the credible fear interview, the Record of Sworn Statement, and other record evidence.  For example, Islam was inconsistent about the year he first encountered the Awami League, and the IJ did not find his explanation about the inconsistency to be adequate.  Islam also claimed during his interview and in his asylum application that he was physically attacked

---

[1] The IJ also denied Islam's application for protection under the Convention Against Torture ("CAT").  However, the BIA deemed the issue waived because Islam had "not meaningfully appeal[ed] the denial of his application for protection under the [CAT]" to the BIA.  To the extent Islam now raises the CAT issue, we lack jurisdiction to review it because Islam failed to exhaust his administrative remedies.  *See Vargas v. U.S. Dep't of Immigration & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

in May 2013, December 2013, and January 2014.  But he testified at the hearing that during the December 2013 incident, he was not beaten; rather, he was threatened and allowed to walk away.

2.  The BIA did not err in concluding that the IJ had given Islam adequate notice of his right to obtain counsel and an opportunity to do so.  "The BIA's decision will be reversed on due process grounds if (1) the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case,' and (2) the alien demonstrates prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'"  *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

The IJ continued Islam's removal proceeding for two weeks to give Islam an opportunity to search for counsel.  When Islam returned to court without representation, he stated that he would "proceed [him]self."  The IJ nonetheless advised at a subsequent hearing that Islam could retain counsel at any time before the merits hearing.  Islam was thus given a period of approximately six months to retain counsel—between his initial court appearance on December 23, 2014 and the merits hearing on June 25, 2015.  In sum, Islam fails to establish that the proceedings were so fundamentally unfair that he was prevented from reasonably presenting his case or that he suffered prejudice.

**PETITION FOR REVIEW DENIED.**